Filed 4/3/14  P. v. Dodd CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER MICHAEL DODD,<br><br>Defendant and Appellant. | C074091<br><br>(Super. Ct. No. MCYKCRBF121850) |

Appointed counsel for defendant Christopher Michael Dodd filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  After reviewing the record, we find the trial court's sentencing order is not consistent with defendant's negotiated plea agreement.  Accordingly, we will remand the matter for further proceedings.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

On October 12, 2012, law enforcement responded to a report of arson regarding three structure fires. All three structures were owned by the same man, D. Clark, whose daughter was "having an issue" with defendant, her boyfriend. The first structure fire to which law enforcement responded was a single-story wood frame shed, the interior of which was nearly completely charred. Inside the shed were three dead kittens, killed in the fire. A gasoline can also was found near the northwest corner of the shed. The two-gallon can was one-third full and the cap was removed; an accidental fire was ruled out.

The second structure fire was a business. An accidental fire was ruled out there as well. And the third fire was a "double-wide" mobile home, the underneath of which was burned. Investigation revealed burnt cloth from the crawl space under the mobile home and ruled out all accidental causes.

Defendant was later detained and questioned by law enforcement; he admitted to starting each of the fires. Defendant was arrested and charged with one count of arson of an inhabited structure (Pen. Code, § 451, subd. (b)),[1] two counts of arson of a structure (§ 451, subd. (c)), and animal cruelty (§ 597, subd. (a)). The complaint was later amended to one count of arson of an inhabited structure (§ 451, subd. (b)), two counts of unlawfully causing a fire (§ 452, subd. (c)), and cruelty to an animal (§ 597, subd. (a)).

Defendant pleaded guilty to arson and two counts of unlawfully starting a fire. In exchange for his plea, the People agreed defendant would serve an aggregate term of five years in state prison; the People also would move to dismiss the remaining charge. Defendant was subsequently sentenced in accordance with his plea agreement, although the charge of animal cruelty was not dismissed at the sentencing hearing. The trial court also ordered defendant to pay $20,000 in victim restitution and awarded him 401 days of custody credit.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant appeals. He did not obtain a certificate of probable cause. (§ 1237.5.)

Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find the trial court erred by failing to dismiss the remaining charge of animal cruelty at the sentencing hearing.

## DISPOSITION

The matter is remanded to the trial court. The trial court is hereby directed to dismiss the remaining charge of animal cruelty in accordance with the negotiated plea agreement. In all other respects, the judgment is affirmed.

RAYE , P. J.

We concur:

NICHOLSON , J.

HOCH , J.

3